## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARIO OROSCO, | : | NO. 1:25-CV-01603 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | (CAMONI, M.J.) |
| COUNTY OF DAUPHIN, *et al.* | : | |
| Defendants. | : | |
| | : | |

## <u>ORDER</u>

### I.    INTRODUCTION

Pursuant to the Court's September 18, 2025, Order (Doc. 7), and November 7, 2025, Order (Doc. 11), *pro se* Plaintiff Mario Orosco filed an amended complaint. Doc. 12. Upon screening the Amended Complaint, the Court finds further deficiencies. For the reasons that follow, the Plaintiff is granted another opportunity to file a second amended complaint.

### II.    LEGAL STANDARD

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by litigants given leave to proceed *in forma pauperis*. Specifically, the Court is obliged to review the complaint

in accordance with 28 U.S.C. § 1915(e)(2), which provides, in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
>> (A) the allegation of poverty is untrue; or
>>
>> (B) the action or appeal--
>>
>>> (i) is frivolous or malicious;
>>>
>>> (ii) fails to state a claim on which relief may be granted; or
>>>
>>> (iii) seeks monetary relief against a defendant who is immune from such relief.

In performing this mandatory screening function, the Court applies the same standard that is used to evaluate motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." The United States Court of Appeals for the Third Circuit has observed the evolving standards governing pleading practice in the federal courts, stating that "pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss." *Fowler v. UPMC Shadyside,* 578 F.3d

203, 209–10 (3d Cir. 2009). "[A] complaint must do more than allege the plaintiff's entitlement to relief." *Id.* at 211. It also "has to 'show' such an entitlement with its facts." *Id.*

To test the sufficiency of the complaint under Rule 12(b)(6), the court must conduct the following three-step inquiry:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Iqbal,* 129 S.Ct. at 1947. Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950. Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.*

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

A complaint filed by a *pro se* litigant is to be liberally construed and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Even a *pro se* complaint

must recite factual allegations that are enough to raise the Plaintiff's claimed right to relief beyond the level of mere speculation.

## III.  BACKGROUND

The Plaintiff alleges the following facts, which the Court takes as true for the purposes of screening a *pro se* complaint pursuant to § 1915(e)(2): On December 4, 2020, the Plaintiff was driving when DeSoto County police pulled him over for a traffic violation and arrested him on "a warrant out of Dauphin County." Doc. 12 at 1. During the arrest, the Defendants accused the Plaintiff of various drug-related offenses, searching the Plaintiff without his consent. *Id.* at 2. That search was seemingly conducted to determine whether Plaintiff was a known suspect of crimes that the Plaintiff did not commit. *Id.* And the Plaintiff did not match the description of the suspect. *Id.* The arrest resulted in thirty-six months of imprisonment for the Plaintiff. *Id.* He was, however, "acquitted for the crime." *Id.*

On August 27, 2025, the Plaintiff lodged a complaint and moved for leave to proceed *in forma pauperis*. *See* Docs. 1, 3. Following preliminary review, the Court granted the Plaintiff IFP status, but found the original complaint deficient, thus granting leave to amend. September 18, 2025,

Order, Doc. 7. On November 19, 2025, the Plaintiff filed the Amended Complaint, alleging unspecified constitutional violations stemming from the events of December 4, 2020, and seeks damages for false arrest and imprisonment. Doc. 12.

## IV.  ANALYSIS

The Amended Complaint is incoherent for multiple reasons. First, the thrust of the Plaintiff's allegations is that he was falsely detained and imprisoned following a traffic stop. *Id.* at 2. Although the Plaintiff alleges that he was arrested without probable cause, *id.*, he nevertheless concedes, paradoxically, that he was arrested on "a warrant out of Dauphin County." *Id.* at 1. If a court approved a warrant for his arrest, that court must have determined that probable cause for the arrest did exists. As it stands, therefore, the Plaintiff's allegations are self-contradicting and insufficient to state a cognizable claim.

Second, Plaintiff alleges he was arrested by De Soto County police. *Id.* There exists no De Soto County in Pennsylvania, and Plaintiff fails to specify in which state the alleged arrest took place. Additionally, Plaintiff has named as defendants Dauphin County and, for the first time in the Amended Complaint, Susquehanna County Police Department, but does

not even claim that officers of either agency effectuated the allegedly unlawful arrest. In the same vein, Plaintiff names several individuals as defendants, and alleges they are employees of "defendant," without specifying whether they are employees of Dauphin County or the Susquehanna Police Department, but then alleges no additional facts against them. Whether they are employed by Dauphin County or Susquehanna Police Department, they are not alleged to be employed by De Soto County Police Department, the agency that allegedly arrested the Plaintiff. These contradictions raise questions of whether this Court is the proper venue for these claims and whether Plaintiff has actually alleged any claims against the named defendants.

Third, while the Plaintiff alleges that he was "acquitted for *the* crime," *id.* at 2 (emphasis added), he fails to inform the Court what crimes he was charged with and for which of those crimes (and how) he was acquitted. Additionally, given the issues noted above, it is important that Plaintiff fails to specify in which county and state he was charged with the crimes he claims he was acquitted of. And, Plaintiff vaguely alleges he was held for "36 months," *id.* at 2, but does not specify a release date. That date is material because the statute of limitations may have elapsed

as the only date provided in the Amended Complaint is December 4, 2020 as the date of arrest. Because the Plaintiff fails to state a cognizable constitutional violation and states insufficient facts for which relief can be granted, the Court grants another opportunity for the Plaintiff to amend his complaint.

Finally, the Court notes that the Amended Complaint does not state what constitutional rights, statutes, or laws Plaintiff claims were violated. As previously noted in the Court's September 18, 2025, Order, the Court again directs the Plaintiff to comply with the complaint form and "state what constitutional rights, statutes, or laws . . . were violated." *See* Doc. 1 at 5 (Section IV of the complaint form).

## V.    ORDER

THEREFORE, IT IS HEREBY ORDERED that:

(1)    The Plaintiff is directed to correct the deficiencies in the Amended Complaint (Doc. 12) **on or before December 31, 2025**.  If an amended complaint is not filed by the above date, the case may be dismissed.

(2)    The Plaintiff's motion for appointment of counsel (Doc. 13) is **DENIED** without prejudice as premature. If Plaintiff can allege claims cognizable by this Court, he can raise this request again.

(3)    The Plaintiff is reminded that he has an affirmative obligation to keep the Court informed of his current address.

If the Plaintiff's address changes while this lawsuit is pending, the Plaintiff must immediately inform the Court in writing.  If the Court is unable to communicate with the Plaintiff because he has failed to notify the Court of his address, the Plaintiff may be deemed to have abandoned the lawsuit.

(4)    Service shall continue to be held in abeyance pending the filing of a Second Amended Complaint and subject to the screening requirements of 28 U.S.C. § 1915(e)(2).

(5)    The Plaintiff is placed on notice that any amended complaint must be complete in all respects; it must be a new pleading that complies with the requirements of the Federal Rules of Civil Procedure which stands by itself without reference to the complaint already filed.  The amended complaint will completely replace the original complaint, therefore if the Plaintiff chooses to file an amended complaint, the original complaint will have no role in the future of this case.

Date: December 17, 2025                    s/ *Sean A. Camoni*
                                           Sean A. Camoni
                                           United States Magistrate Judge